EDWIN V. WOODSOME, JR. (SBN 56305)
Email: ed.woodsome@dechert.com
CHRISTOPHER S. RUHLAND (SBN 175054)
Email: christopher.ruhland@dechert.com
JAMES C. WALD (SBN 229108)
Email: james.wald@dechert.com
DECHERT LLP
US Bank Tower
633 West 5th Street
37th Floor
Los Angeles, CA  90071-2013
Telephone:  +1 213 808 5700
Facsimile:   +1 213 808 5760

Attorneys for Defendant
DHL Express (USA), Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAREN EQUIPMENT LEASING, INC., a California corporation, GARY E. SMITH, an individual, and ELLIOT MASON, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DHL EXPRESS (USA), INC., an Ohio corporation, et al.,<br><br>Defendant. | Case No.  2:12-CV-08244-ABC (VBKx)<br><br>**PROTECTIVE ORDER** |

Dechert LLP
Attorneys At Law
Los Angeles

14589840.2

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:12-CV-08244-ABC (VBKx)

The Parties, having shown good cause, seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c).

Therefore, it is hereby stipulated and ORDERED that:

## I. DESIGNATED MATERIAL

Any documents, information or material produced or disclosed, formally or informally, in this action (in whatever form, paper, electronic, video or otherwise) and any material lodged with the Court may be designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by the person or entity producing or lodging it or by any party to this action (the "Designating Person"). All such information and material and all information or material derived from it constitutes "Designated Material" under this Order. The designation may be made to avoid invasions of individual privacy and to protect proprietary information, confidential and/or proprietary business and/or financial information, and/or trade secrets relating to the Designating Person's business, personal, and/or financial affairs. The designation shall be either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" so long as the Designated Material so designated complies with the definitions in this section.

A.  CONFIDENTIAL INFORMATION: The parties may designate as "Confidential" those materials that contain or constitute information that is subject to protection as private proprietary, trade secret, or otherwise commercially sensitive. Material may also be designated as "Confidential" if the Designating Party in good faith believes that disclosure of materials in this case may present a risk of injury to the legitimate business interests of the Disclosing Party or any other legitimate interest. Confidential information includes, but is not limited to, trade secrets, all Materials reflecting, referring to or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law, business plans or forecasts, financial plans and forecasts, operational plans and forecasts, and all private or sensitive commercial, financial, personal or

personnel, underwriting, rating, claims and insurance policy information.  The "Confidential Material" designation shall not include any material that has been placed in the public domain and/or has been made available as a matter of public record.

  B. CONFIDENTIAL — ATTORNEYS' EYES ONLY:  The parties may designate as "Confidential — Attorneys' Eyes Only" those materials that contain or constitute information that (1) is subject to protection as proprietary, trade secret, or otherwise commercially sensitive, and (2) if disclosed to any other party in this action (including without limitation co-plaintiffs), could work to the competitive disadvantage of the disclosing party.  Material designated as "Confidential - Attorneys' Eyes Only" shall not include material that has been placed in the public domain and/or has been made available as a matter of public record.

  C. The term "Material(s)" as used in this Order shall include but not be limited to deposition and hearing transcripts, contracts, agreements, manuscripts, correspondence, telegrams, telexes, text messages, e-mail communications, computer printouts, computer disks, thumb drives and hard drives and all information stored thereon, PowerPoint presentations, excel spreadsheets, reports, records, schedules, customer lists, diaries, invoices, purchase orders, accounting records and work sheets, charts, notes, estimates, summaries, inventories, drawings, blueprints, patent applications, minutes of meetings, and memoranda including intercorporate, intracorporate, interoffice and intraoffice memoranda, and memoranda regarding conferences, conversations or telephone conversations, any and all other taped, recorded, filmed, written or typed matters of any kind or description, including the originals and all nonidentical copies, whether different from the originals by reason of any notation made on such copies or otherwise, all interrogatory answers, answers to requests for admissions and depositions (stenographic or video), any physical objects, samples, designs or other items.

D. The "Confidential" and "Confidential — Attorneys' Eyes Only" designations may include those portions of other Materials (including, without limitation, deposition and hearing transcripts) that excerpt, summarize, or otherwise disclose any Material designated as "Confidential" or "Confidential — Attorneys' Eyes Only."

## II. ACCESS

Designated Material shall not be used or disclosed for any purposes other than the litigation of this action and may be disclosed only as follows:

A. Material designated as "Confidential" shall not be disclosed to or discussed with anyone other than the following:

1. the parties, limited to in-house counsel and employees directly involved in the litigation;
2. counsel for the parties, and persons employed by the parties' counsel;
3. the authors, addressees, or originators of the Material;
4. experts who have been retained by the parties;
5. the Court, its staff, and court reporters;
6. a person to whom reference is made in a deposition, document or other discovery, but only as to information concerning that individual;
7. third persons engaged in duplicating Materials in connection with this litigation; and
8. witnesses or potential witnesses in this action, provided that prior to disclosure they comply with section XII of this Order and shall not retain any copies of Material designated "Confidential."

B. Except pursuant to a stipulation between the parties or a subsequent Court order, Material designated as "Confidential — Attorneys' Eyes Only" shall not be disclosed to or discussed with anyone other than the following:

       1.      outside counsel of record in this litigation and their employees as required by their duties;

       2.      the authors, addressees or originators of the Material;

       3.      experts who have been retained by the parties (the term "experts" shall not include parties, employees of parties, or family members of parties);

       4.      the Court, its staff and court reporters; and

       5.      third persons engaged in duplicating Materials for use in this litigation.

C.    Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may not be disclosed to the officers, directors, in-house counsel, members and/or employees of parties to this action, except that Material designated "CONFIDENTIAL — ATTORNEYS' EYES ONLY" may be disclosed to individuals to whom such designated Material was disclosed prior to initiation of the litigation set forth in the above-captioned action.

D.    Copies may be made by or for the foregoing persons, provide that all copies are appropriately marked.  All copies are subject to paragraph VIII of this Order.

E.    The designation of any Material as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall not preclude any party from showing the document to any person who appears as an author, addressee or recipient on the face of the document.

### III.   DESIGNATING MATERIAL

The Disclosing Party's failure to designate Material as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" at the time of production or disclosure of the Material does not waive its right later to designate the Material as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY." After any designation, each Receiving Party shall treat the designated Material as

either "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," and subject to the protections of this order.

When a party producing Material wishes to designate some portion as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," such designation shall be made by placing an appropriate legend on each page of the Material prior to production. If Material, such as native electronic files, cannot reasonably be designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by placing a legend on each page of the Material, the Disclosing Party may make such designation by affixing a label to the CD, DVD, or other medium used to compile the Materials. When a party wishes to designate as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Material produced by someone other than the Designating Person, such designation shall be made: (a) within ten (10) business days from the date that the Designating Party receives notice that the Material has been produced; and (b) by notice to all parties, identifying with particularity the designated Material.

## IV. DESIGNATING DEPOSITIONS

A. All testimony which refers to Designated Materials, and all deposition exhibits that consist of or contain Designated Materials shall automatically be deemed designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" in accordance with the level of protection given to the DESIGNATED MATERIALS discussed in the testimony or included in the deposition exhibit. Deposition transcripts or videos or portions thereof may be designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" by a party either: (i) before the testimony is recorded, in which case the transcript or video of the designated testimony shall be bound in a separate volume and/or marked by the reporter, as the Designating Person may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice that the transcript is

available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript, video, or portion thereof in their possession or control as directed by the Designating Person.

B. Where testimony is designated at a deposition, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under paragraph II of this Order.

C. Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, provided that the deposition witness is one to whom the exhibit may be disclosed under paragraph II of this Order and the exhibit and related transcript pages receive the same confidentiality designation as the original Material.

## V.  COURT PROCEDURES

In applications and motions to the Court, all submissions of Designated Material marked "CONFIDENTIAL — ATTORNEYS' EYES ONLY" must be made by filing an application to file the Material under seal pursuant to L.R. 79-5. Unless otherwise ordered by the Court, any hearing which may refer to or describe Designated Material marked "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be held only after appropriate steps are taken to ensure that the confidentiality of the information is preserved during the hearing.

## VI.  OBJECTIONS

A party may challenge the designation of any Material produced under this Order at any time prior to a trial, dismissal with prejudice or other resolution of this proceeding. A challenge may be made by filing and serving on all other parties a captioned notice of objection, which shall identify with particularity the items as to which the designation is challenged, state the basis for each challenge and propose a new designation for each item. If the parties cannot reach an agreement within ten (10) days, the challenged Material shall be submitted to the Court, under seal when appropriate, for resolution as required by L.R. 37-1, 37-2, 79-5, and any other

1  applicable rules. The original designations shall remain effective until ten (10) days
2  after entry of an order designating the Materials and during the pendency of any
3  writ or petition filed within the ten (10) day period.

## VII.  INADVERTENT DISCLOSURE

A.  To facilitate the discovery process in this matter in light of the large volume of documents and electronically-stored information, Material that is subject to a claim of attorney/client privilege, work product protection or any other applicable privilege by the disclosing party does not lose its protected status through disclosure to the Receiving Party, and disclosure of such Material does not constitute a waiver of a claim of privilege by the disclosing party.  At any time after producing Material, the disclosing party may assert the attorney-client privilege, work product protection or other privilege relating to that Material or any portion of that Material, and the validity of such assertion shall not be affected by the disclosure of the Material to the Receiving Party.  In addition, Material designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not lose protected status through an unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party.  If such a disclosure occurs, the parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

B.  If Material is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any Receiving Party of the claim and the basis for it.  After being notified, the Receiving Party (1) must promptly return, sequester, or destroy the specified Material and any copies it has; (2) may not use or disclose the information until the question of its privileged or protected status is determined; (3) provide a list including the name, title, and contact information, for every person to whom the Receiving Party disclosed the specified Material and any and all information found within it; and (4) take reasonable steps to retrieve the specified Material if the Receiving Party disclosed it before being notified of the claim of privilege.

C.   If a Receiving Party challenges the privilege designation, the Receiving Party must sequester the Material and a joint stipulation must be filed with the Court, pursuant to L.R. 37-1 and 37-2, within ten (10) days, seeking a determination of the asserted privilege claim.  Any copies of the Materials that are the subject of the challenge must be submitted to the Court by filing an application to file the Materials under seal.  If the Receiving Party challenges the privilege designation, it shall not be permitted to use the disclosure of the Material to the Receiving Party or any party in this action as a basis for such challenge.

## VIII.   NO PREJUDICE

A.   Nothing in this Order shall preclude any party from seeking and obtaining additional or different protection with respect to the confidentiality of any document or information produced or disclosed in connection with the above-captioned litigation.

B.   This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Person consents in writing before the disclosure takes place.

C.   Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose during any proceeding on the merits of this action.

D.   A party may seek to make late designations of discovery by stipulation or court order if the party failed to make a timely designation through mistake or inadvertence.

## IX.   FINAL DISPOSITION

Upon final termination of the action and at the written request of the designating or the producing person, all Designated Material and all copies thereof shall be destroyed.  However, outside counsel may retain pleadings, attorney and consultant work product, depositions, and one copy of each item of Designated Material for archival purposes with the Designated Material.

## X. MODIFICATION AND SURVIVAL

The restrictions imposed by this Order may only be modified or terminated by written stipulation of all parties or by order of this Court. No modification by the parties shall have the force or effect of a Court order unless the Court approves the modification. This Order shall survive termination of this action. And this Court shall maintain jurisdiction to enforce and/or modify this Order.

## XI. NO CONTRACT

This stipulation is for the Court's consideration and approval as an order. It shall not be construed to create a contract between the parties or between the parties and their respective counsel.

## XII. AGREEMENT OF PERSONS TO WHOM MATTER DISCLOSED

Each qualified person, with the exception of the Court and Court personnel, to whom such confidential information is furnished, shown or disclosed shall first be provided with a copy of this Stipulated Protective Order, shall execute an agreement in the form attached hereto as "Exhibit A" and shall be bound by this Stipulated Protective Order. The counsel of record shall maintain the executed agreement and a list of each person to whom confidential information is disclosed and shall deliver such list to counsel for the party whose confidential information is concerned upon written demand. Counsel for each party shall advise those persons employed or retained in clerical, stenographic, or other ministerial functions of the restrictions provided herein upon dissemination of Designated Material information, and shall secure compliance of such persons with the terms of this Stipulated Protective Order.

## XIII. THIRD PARTIES

Any third party producing Materials in this action pursuant to a subpoena may produce documents subject to the confidentiality designations of this Order by endorsing a copy of the agreement attached as "Exhibit A" and delivering it to the Requesting Party who shall retain a copy of the endorsed agreement and, if

requested, shall provide a copy upon counsel for the other parties.  Endorsing a copy of this agreement, however, does not confer other rights to third parties, including access to documents produced subject to this Order.

**So ORDERED,** this __9th___ day of April, 2013.

                                                    /s/
Honorable Victor B. Kenton
United States Magistrate Judge

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

14589840.2

- 10 -

[PROPOSED] PROTECTIVE ORDER
CASE NO. 2:12-CV-08244-ABC (VBKx)

Exhibit "A"

# AGREEMENT TO BE BOUND
# BY PROTECTIVE ORDER

I, _____, have read and agreed to be bound by the Protective Order in *Maren Equipment Leasing, Inc. v. DHL Express (USA), Inc.*, Case No. 2:12-CV-08244-ABC (VBKx), pending in the United State District Court, Central District of California.

_____
Signature

_____
Typed or Printed Name

_____
Date

DECHERT LLP
ATTORNEYS AT LAW
LOS ANGELES

14589840.2

Exhibit A
- 11 -

PROTECTIVE ORDER
CASE NO. 2:12-CV-08244-ABC (VBKx)